UNITED STATES DISTRICT COURT
MIDDLE DISRICT OF ALABAMA
(Southern Montgomery Division)

MICKEY L. MOODY  -  Movant            2008 JAN 29  A 9: 10    1:08CV63-T

vs.                                                           CASE # 1:05CR195-LSG

UNITED STATES  -  Respondent

MEMORANDUM OF LAW IN SUPPORT OF THE
MOTION UNDER 28 U.S.C. § 2255.

COMES NOW, the aforesaid Movant pro se with his inmate "legal assistant" as described and defined in 28 CFR § 543.11(f) and <u>Johnson v. Avery</u>, 393 U.S. 483, 21 L.Ed.2d 718 (1969), to move this Honorable Court to file his Memorandum of Law in Supoort of his motion filed pursuant to 28 U.S.C. § 2255. Habeas Corpus Rule 11, Rules 7(b)(1) and 81(a)(2), Federal Rules of Civil Procedure (Fed.R.Civ.P.).

Movant is law illiterate, so while the factual basis has been validated by Movant, this action has been prepared, researched, written and typed by a inmate legal assistant. With the law cited herein and explained by his legal assistant, Movant believes he is entitled to releif as set forth below and explained with the authorities provided and taken in good-faith.

# TABLE OF CONTENTS

|     |     | PAGE |
| --- | --- | --- |
| I.  | TABLE OF CONTENTS | i |
|     | CERTIFICATE OF INTERESTED PERSONS | ii |
|     | JURISDICTION | iv |
|     | QUESTIONS PRESENTED: | |
|     | A. DID MOVANT ENJOY EFFECTIVE COUNSEL ASSISTANCE AS GUARANTEED BY THE SIXTH AMENDMENT WHERE COURT ALLOWED CHANGE OF COUNSEL FOUR TIMES PRIOR TO HIS SENTENCING HEARING? | |
|     | B. WAS COUNSEL INEFFECTIVE AT SENTENCING BY ALLOWING PROSECUTOR TO USE THE NONVIOLENT THIRD DEGREE MISDEMANOR UNDER STATE LAW A VIOLENT TO ENHANCE FEDERAL SENTENCE CONTRARY TO ARTICLE IV OF UNITED STATES CONSITUTION? | |
|     | C. IS COUNSEL INEFFECTIVE AS THAT GUARANTEED BY THE SIXTH AMENDMENT WHERE EVIDENCE MOVANT WAS UNDER PSYCHIATRIC CARE AND ON MEDICATION, YET FAILED TO REQUEST COMPETENCY HEARING AND IGNORES A VIABLE DEFENSE? | |
| II. | TABLE OF AUTHORITIES | iii |
| III.| LEGAL ARGUMENTS | |
|     | Ineffective Counsel | 1 |
|     | Prior Convictions | 4 |
|     | Cummultative Effect of Errors | 6 |
| IV. | Conclusion | 7 |

## CERTIFICATE OF INTERESTED PERSONS

Those persons and or entities of the aforementioned action are listed below and their official capacities as intererested in the instant action, as Eleventh Circuit Rule 26.1 dicates.

Prosecutor _Karl D. Cooke, Esq._
Defense Counsel _John M. Poti_
Warden _Loren A. Grayer_
U.S. District Attorney _Leura G. Canary_
Judge _L. Scott Coogler_
Wife _Janice R. Moody_

Respectfully submitted,

_Mickey L. Moody_
MICKEY L. MOODY, 09427-002
FCI Atlanta-Medium
P.O. Box 150160
Atlanta, GA 30315-0160

TABLE OF AUTHORITIES

| | § | ¶ | PAGE |
|---|---|---|---|
| Alabama v. Shelton, 535 U.S. 654, 152 L.Ed.2d 888 (2002 | 3B | 8 | 6 |
| Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493 (1967) | 3B | 9 | 6 |
| California v. Trombetta, 467 U.S. 479, 81 L.Ed.2d 413 (1984) | 3A | 13 | 3 |
| Clark v. Arizona, 548 U.S. ___, 165 L.Ed.2d 842 (2006) | 3B | 9 | 6 |
| Crane v. Kentucky, 476 U.S. 683, 90 L.Ed.2d 636 (1986) | 3A | 13 | 2 |
| Custis v. United States, 511 U.S. 485, 128 L.Ed.2d 517 (1994) | 3A | 15 | 3 |
| Cuyler v. Sullivan, 446 U.S. 335, 64 L.Ed.2d 333 (1980) | 3A | 9 | 2 |
| Johnson v. Grankell, 520 U.S. 911, 138 L.ed.2d 108 (1997) | 3B | 1 | 4 |
| McMann v. Richardson, 397 U.S. 759, 25 L.Ed.2d 763 (1970) | 3A | 1 | 1 |
| Miga v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 79 L.Ed.2d 56 (1984) | 3B | 4 | 5 |
| New York v. Ferber, 457 U.S. 747, 73 L.ed.2d 113 (1982) | 3B | 2 | 5 |
| Shepard v. United States 544 U.S. 13, 161 L.Ed.2d 205 (2005) | 3A | 14 | 2 |
| Small v. United States, 544 U.S. 385, 161 L.Ed.2d 651 (2005) | 3B | 5 | 5 |
| Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674 (1984) | 3A | 5 | 1 |
| Taylor v. United States, 495 U.S. 575, 109 L.Ed.2d 607 (1990) | 3B | 10 | 6 |
| United States v. Cronic, 466 U.S. 648, 80 L.Ed.2d 657 (1984) | 3A | 1 | 1 |
| Wardious v. Orgeon, 412 U.S. 470, 37 L.Ed.2d 82 (1972) | 3B | 3 | 5 |

## J U R I S D I C T I O N

This Honorable Court has subject matter jurisdiciton and in personam jurisdiction over this case, in that, 28 U.S.C. § 2255 affords this Court such jurisdiction to hear the collateral attacks of those convicted by this Court contrary to the laws, treaties, or statutes of the United States and seeks release for the reasons stated below.

# § III. INEFFECTIVE COUNSEL CLAIMS

## A. Multiple Change of Counsel

1. It has been long held that the "special valve of the right to the assistance of counsel explains why 'it has long been recognized [to be] the right to the effective assistance of counsel.'" United States v. Cronic, 466 U.S. 648, 654, 80 L.Ed.2d 657, 664 (1984); citing McMann v. Richardson, 397 U.S. 759, 771 & n. 14, 25 L.Ed.2d 763, 771 & n. 14, 773 (1970).

2. Cronic cited the Sixth Amendment's requirement that "Assistance" for Movant's defense was guaranteed by the Sixth Amendment when Movnat is confronted with the intricacies advocate of the public prosecutor. Id., at 654, 80 L.Ed.2d, at 664-65.

3. Movant was taken from the State prison by Respondent on 22 Nov. 05, requested counsel in a oral motion on that same day, which the Court ordered counselor Robin Konrad as Movant's attorney. Motion under 2255, Paragraph 12, Subsection "A", Paragraphs 3 through 6 on page 5.1 (Motion, § 12A.3-6, p. 5-1 hereinafter).

4. Counselor Konrad lasted just under two weeks; then counselor Freeman was assigned Movant's case and lasted only three (3) days; then panel attorney Maddox was given the case and lasted only about three weeks; before panel attorney Maryanne PRINCE was then given Movant's case by the judge. Id., § 12A.3-10, pp. 5.1 to 5.2.

5. This was 'surrounding circumstances justify[ing] a presumption of a ineffectiveness . . . Sixth Amendment claim [that is] sufficient without inquir[ing] into counsel's actual performance" required as one of the dual prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed.2d 674, 693 (1984).

6. A fact that a "person who happens to be a lawyer is present at trial alongside the accused . . . is not enough to satisfy the constitutional command." Id., at 685, 80 L.Ed.2d, at 692. The same is true if a docket reflects counsel's filing of appear-

- 1 -

ance occurs to refect representation, but that representation <u>never</u> materializes to assist the client as an advocate should.

7. The same can be said if counsel is denied at a critical stage of the proceeding that results in the conclusion that the Movant did not have assistance of counsel for his defense. <u>Cronic</u>, at 659, 80 L.Ed.2d, at 668 and n. 25.

8. Evidence within this record's docket sheet depicts Movant had to contact the judge personally because the counselor PRINCE refused to reply by letter or phone contact by her client — Movant in the case at bar, in preparation of the defense. Doc. # 44; Motion, § 12A.12, p. 5.2.

9. Counsel deprives Movant of his Constitutional "right to effective assistance, simply by failing to render 'adequate legal assistance'." Id., at 686, 80 L.Ed.2d, at 692; citing <u>Cuyler v. Sullivan</u>, 446, U.S. 335, 344, 64 L.Ed.2d 333, 345-350 (1980).

10. After filing the motion for suppression on 10 Mar. 06, PRINCE informed Movant of her impending move to the State of Maine and was the main reason for him changing his plea and avoid a lengthier stay in prison without a disposition or attorney to represent him — except in title and position only. Movant chose not to fall victim to another merry-go-round attorney shell-game scenario.

11. It should be noted that none of the counsel except PRINCE made it known to Movant why they could not represent him in this proceeding. No conflict of interest was noted for all the attorney substitutions as <u>Cuyler</u> noted. Id., supra.

12. It was obvious however, that neither KONRAD, FREEMAN or MADDOX had any opportunity to fullfill their duty to Movant to make a reasonable investigation, or counsel would have learned Movant was under the care of a psychiatrist and on such medications to question his competency. <u>Strickland</u>, at 690-91, 80 L.Ed.2d., at 695.

13. This presented KONRAD, FREEMAN and MADDOX or PRINCE with a viable defense, which is Movant's Constitutional right to present. <u>Crane v. Kentucky</u>, 476 U.S. 683, 687, 90 L.Ed.2d 636, 643 (1986)("depriv[ing] petitioner of his fundamental constitutional

right to a fair opportunity to present a defense"); citing <u>California v. Trombetta</u>, 467 U.S. 479, 485, 81 L.Ed.2d 413, 419 (1984).

14. All of Movant's prior convictions Respondent used to enhance his federal sentence used verbiage of the gacts alleged were taken from the "investigative records" and not the Court Records, indictment, judgment and commitment order, or any transcripts. E.g. <u>Shepard v. United States</u>, 544 U.S. 13, 161 L.Ed.2d 205 (2005). Motion, ¶ 12A.33-35, pp. 7-8).

15. Instead, these facts were actually the product of a previous PSR within this Court's jurisdiction and was never confirmed by any court documents. <u>Shepard</u>, supra. It is specifically noted that two of these three (3) prior convictions were entitled to be convictions for a "crime of violence" qualifying Movant to be enhanced at his sentencing proceeding under 18 U.S.C. § 924(e). <u>Shepard</u>, supra; and <u>Custis v. United States</u>, 511 U.S. 485, 128 L.Ed.2d 517 (1994).

16. Due to the judicial mishandling of Movant's counsel representation and appointment, he would have had to go to trial and forget his plea agreement if he desired a suppression hearing. Had he done so, PRINCE would have been gone to Maine and a new attorney would have been assigned for a second merry-go-round of counsel appointments. Then, yet another lost opportunity prejudicial to Movant and not the Govenrment would have occurred.

17. Movant has clearly shown that only "one plausable line of defense" was available to any of his counsel, yet no "' substantial investigation' into that line of defense" occurred and no "strategic choice that renders such an investigation unnecessary" exists. <u>Strickland</u>, at 680, 80 L.Ed.2d, at 689.

18. Movant has shown counsel's errors to be deficient as the first prong of <u>Strickland</u> requires to be depicted before the second hurdle can be considered, and will now portray how counsel's deficient peformance prejduiced his defense. Id., at 687, 80 L.Ed.2d, at 693.

- -

19. This record screams to all who read it objectionably with an open mind, that no counselor functioned as Movant's **assistant** or **advocate**, consulted with Movant "on important decisions" or kept Movant informed of any important developments in the course of the prosecutions that counsel has the **duty to bring to bear** his skills and knowledge for a reliable adversarial testing that was well short here. Id., at 688, 80 L.Ed.2d, at 694.

20. Counsel MADDOX filing motions prior to his requested removal and counsel PRINCE's appointment, fell through the cracks because even "the best criminal defense attorneys would not defend a particular client in the same way." Id., at 689, 80 L.Ed.2d, at 695.

21. Missed suppression hearing, medical evidence ignored, court records absent from validating prior convictions were constitutionally valid for use in federal sentencing enhancement proceeding, waiver of speedy trial, failure to request for downward departure due to "diminished capacity" under 5K2.13 were all errors counsel made clearly supported within this record.

22. Where all counsel allowed Respondent to use a State, nonviolent prior conviction for third degree burglary that was not a private dwelling, to be considered under any federal law as a "violent felony," encroaches the evil that Article IV and Section 1 of the United States Constitution and <u>Shepard</u> shought to prevent and was forbidden.

23. It is for these reasons and this record, Movant believes he is entitled to the relief sought, and prays this Honorable Court will see those facts as set forth in the above facts and authorities considered relevant hereto, and GRANT this motion under 2255 for the reasons stated herein.

B. <u>Nonviolent State Conviction</u>

1. Although State statutes contain identical language as federal statutes, the State's Supreme Court's interpretation is binding on the federal courts. E.g. <u>Johnson v. Grankell</u>, 520 U.S. 911, 916, 138 L.Ed.2d 108, 115 (1997).

2. No "federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the State." Johnson, supra; citing New York v. Ferber, 457 U.S. 747, 767, 73 L.Ed.2d 1113, 1129 (1982); Motion, § 12B.1-2 and 4-5, pp. 5 & 5.4 respectively.

3. "This proposition, fundamental to our system of federalism, is applicable to procedural as well as substantive rules." Wardious v. Orgeon, 412 U.S. 470, 477, 37 L.Ed. 2d 82, 89 (1973); and Johnson, supra; Article IV, § 1 of United States Constitution.

4. Entitled by Congress as the "Full Faith and Credit Act," the Act's sole purpose was to cause "federal courts to give a state court's judgment the same preclusive effect as the judgment would have under state law." 28 U.S.C. § 1738. Miga v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81, 79 L.ed.2d 56, 61 (1984).

5. Congress further insured federal judicial advocates were aware of their intent, with the creation of Section 921(20) in Title 18 stating:

> "What constitutes a conviction of such a crime shall be determined in accordance with the law of the **jurisdiction** in which the proceedings were held." Id.; Small v. United States, 544 U.S. 385, 392, 161 L.Ed.2d 651, 658 (2005)(Offenses punishable "by a term of imprisonment of up to two years, and characterized under state law as misdemeanors are not predicate crimes."). Id.

6. It is quite clear from the verbiage of the "Full Faith and Credit Act," the interpretation of Art. IV, § 1 of the Constitution, with the holding of Johnson, Ferber, Wardious and Miga, is that the defense counsel failed to properly defend Movnat with his alleged skill and knowledge, and thus, was in fact ineffective as counsel Strickland mentioned necessary under the Sixth Amendment. Cronic and Strickland both, supra; and Motion, § 12B.3, p. 5-4.

7. Wrongful characterization by Respondent of Movant's prior State convictions as "violent crimes" instead of "nonviolent" as the State implied in their statutes, was not a dwelling or occupied building, that the Third Degree Burglary was not violent

- 5 -

violation of State law and could not be classified by the federal courts to be a crime of violence contrary to State statute. Miga, supra.

8. In Alabama, which Movant seeks this Court to take "Judicial Notice" as is defined in Federal Rules of Evidence (FRE) 201(d), a Third Degree Assault is defined as "non-violent" to which was agreed upon in Alabama v. Shelton, 535 U.S. 654, 657, 152 L.Ed. 888, 895 (2002).

9. Counsel was not acting as Movant's advocate, Anders v. California, 386 U.S. 738, 743, 18 L.Ed.2d 493 (1967), allowed State nonviolent offenses to be characterized as violent in conflict with the law, Johnson and Ferber, supra; did not investigate a viable defense for psychiatric care, Crane v. Kentucky, Strickland, supra; and Clark v. Arizona, 548 U.S. ___, 165 L.Ed.2d 842 (2006) and portrayed an overall representation of Movant as contrary to the "Assistance" stated within the Sixth Amendment. E.g. Cronic, supra.

10. If this Court fines Shepard and Taylor v. United States, 495 U.S. 575, 109 L.Ed. 2d 607 (1990) inapplicable to the instant case, the United States Constitution and the prohibitions set forth under Art. IV, § 1 are very clear and precise. Ferber and Miga, both supra. These priors were not classified as violent in Alabama and the federal government cannot make them so under their statutes to enhance Movant to which the Constitution itself proclaims Movant is right. U.S. Const., Art. IV, § 1.

11. It is these facts and the legal authorities cited that Movant prays will achieve an ORDER by this Court to GRANT the two Grounds above, ORDER a new PSI and instruct the Probation Office to recompute Movant's sentence without using these prior convictions.

C. Effect Of Counsel's Errors

1. Lawyer MADDOX prejudiced Movant by convincing him to waive his Speedy Trial rights, which were filed with deficiences on 5 Jan. 06, then allowed to withdraw as counsel exactly three (3) weeks later on 26 Jan. 06. This further delayed Movant's court appearance.

2. PRINCE was Movant's next attorney that obtained a plea agreement for him, then left the State of Alabama for Maine, leaving Movant without her tactical decisions for yet another attorney "Shell Game" scenario to obtain a fair sentence from a plea agreement she (PRINCE) negotiated.

3. Although it has long been recognized that no two attorneys would prepare or argue the same case with the same stategy or tactical decisions, Movant did suffer prejudice by having to entertain four different attorney's prior to sentencing at no fault of his own. Strickland, supra.

4. The instant case has <u>surrounding circumstances</u> that justify a presumption of ineffectiveness contrary to the Sixth Amendment, where Movant spent most of his first three plus months speaking to newly assigned lawyers that chipped his Constitutional rights away until a plea agreement was all that was left. Strickland, at 687, 80 L.Ed. 2d, at 693.

5. Both the record and docket sheet depict Movant as being denied "effective assistance" at the beginning of Respondent's process with multiple switching of defense counsel, waiving speedy trial rights, no competency request after learning Movant was under psychiatric care and on medications, with prior convictions contrary to Art. IV, § 1 being used illegally against this Movant.

§§ IV. Conclusion

WHEREFORE, Movant prays this Honorable Court will GRANT the instant 2255 motion, VACATE his current sentence and reverse his conviction for denial of a fair proceeding with the assistance of counsel as set forth in both statute and law. U.S. Const. Art. IV, § 1; and Cronic, with Strickland, supra.

Respectfully submitted,

*Mickey L. Moody*
MICKEY L. MOODY, 09427-002
FCI Atlanta-Medium
P.O. Box 150160
Atlanta. GA 30315-0160