IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICKEY LEE MOODY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-63-MHT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### AFFIDAVIT

I, **MARYANNE M. PRINCE**, being duly sworn, states as follows:

1. I am an attorney, duly licensed in good standing to practice law in the State of Alabama and a former member of the CJA Panel in the Middle District of Alabama.

2. I was assigned as trial counsel for Mickey Lee Moody in his criminal action in the U.S. District Court, Alabama Middle District, Criminal Docket No. 1:05-cr-00195-LSC-SRW. I represented Mr. Moody beginning February 16, 2006 through May 31, 2006.

3. I make this affidavit in response to the Order of the Court entered on January 30, 2008.

4. In the petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on January 21, 2008, the petitioner alleges that he was denied effective assistance of counsel, in violation of his rights under the Sixth Amendment, in part due to a complaint he had regarding my failure to communicate with him and that I failed to reply by letter or phone contact in preparation of his defense. (Petitioner's Motion, page 2, ¶ 8)

5. The Petitioner's first complaint concerns a matter that was resolved and had nothing to do with Petitioner's legal strategy or competency. Affiant was appointed to represent

Petitioner on February 16, 2006. Understandably, after having several previous attorneys, Petitioner was anxious to meet. Within a few days of appointment, Petitioner wrote a letter to the court complaining that Affiant had not met with him to discuss matters concerning his health and his case. The Court ordered a response (Doc. 44). Even though I had not yet had an opportunity to receive and review his records, I met with Petitioner the next day to discuss his concerns and his case, reporting back to the Court (Doc. 45). Affiant does not recall any other complaints or communication issues after February 25, 2006. Affiant met with Petitioner on several occasions for over an hour each time during the period of representation. In addition, Affiant and Petitioner met with law enforcement for a lengthy period of time to discuss possible plea reduction and assistance with law enforcement in an effort to reduce his sentence due to his status as a career criminal.

6. Petitioner was made aware of the move to Maine at yet another lengthy meeting and at no time did Affiant suggest or was it discussed that Petitioner should change his plea simply because he would yet have another attorney assigned to represent him. Petitioner did not advise Affiant that he was pleading because he "chose not to fall victim to another merry-go-round attorney shell-game scenario.: (Petitioner's Motion, page 2, paragraph 10)

7. Petitioner was advised and Affiant made clear to him, that changing his plea would withdraw his Motion to Supress. Petitioner indicated he understood and agreed.

8. Petitioner alleges that he was under care of a psychiatrist and on such medications related to a psychiatric condition. (Petitioner's Motion, page 2, paragraph 12).

9. Affiant met at length with Petitioner and the only health issues discussed with Petitioner were concerns he had about suspicious spots on his thigh that needed to be biopsied for possible melanoma. (Doc. 45) At no time did the Petitioner advise the Affiant that he was under

the current care of a psychiatrist, had been under the care of a psychiatrist or was taking medication for a psychiatric related condition.

10. Petitioner did indicate that he had had some assistance with drug abuse counseling and drug addiction through his church, discussed his troubled childhood, but did not otherwise provide any information concerning a psychiatrist. When I received his file from his previous counsel, there was no information included in his file indicating the Petitioner was under the care of a Psychiatrist or was taking medication for any mental illness.

11. Petitioner did not indicate at his change of plea hearing that he was under the care of a psychiatrist or taking any medications prior to entering his guilty plea.

12. It appears from the Petitioner's motion, that information concerning any psychiatric care or treatment did not come to light until the pre-sentencing investigation into the Petitioner's medical and personal history revealed he was or had been under the care of a psychiatrist. Affiant's observations made during her discussions with the Petitioner did not lead her to believe the Petitioner was not competent as he understood the various motions, had definite ideas about what he wanted, and discussed at length the suppression issue that had been filed. Petitioner did not display any indicia of mental incapacity that would impact his competency or his ability to understand the legal proceedings or participate in his legal defense and make decisions concerning his case. That Petitioner may have been under psychiatric care or medication may have been a sentencing issue, it did not come up as an issue that would impact his ability to stand trial. By the time this information came to light, Affiant was no longer representing the Petitioner.

13. Affiant made arrangements and met personally with newly appointed counsel for the Petitioner and provided him with her complete original file. Affiant went over all of the

concerns that she had with the Petitioner's case, and offered to make herself available at any point to newly appointed counsel should the need or questions arise.

14. Affiant did not represent the Petitioner after May 31, 2006 and did not represent the Petitioner during the period of time between his guilty plea and his sentencing.

15. The remainder of the Petitioner's Motion concerns other counsel and do not appear to allege misconduct by Affiant. Therefore, Affiant has no response to those allegations.

Further Affiant saith not.

MARYANNE M. PRINCE
AL Bar No. ASB-6515-E39M

STATE OF MAINE      )
KENNEBEC COUNTY     )

I, the undersigned authority, a Notary Public in and for said State of Maine, do hereby certify that MARYANNE M. PRINCE, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

GIVEN under my hand and official seal this 19 day of February, 2008.

NOTARY PUBLIC
My Commission Expires: February 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of February, 2008, I electronically filed the foregoing Affidavit with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney. I have also served a copy of the foregoing by U.S. Mail property addressed and postage prepaid upon the following:

Mickey Lee Moody
09427-002
Atlanta U.S. Penitentiary
Inmate Mail/Parcels
P. O. Box 150160
Atlanta, GA 30315

Maryanne M. Prince