# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MICKEY LEE MOODY ) | |
| ) | |
| v.  ) | Civil Action No. 1:08cv63-MHT |
| ) | |
| UNITED STATES OF AMERICA ) | |

## AFFIDAVIT

STATE OF ALABAMA   )
)
COUNTY OF AUTAUGA  )

Comes now John M. Poti and appears before a Notary Public in and for the State and County listed above and states under oath:

"My name is John M. Poti. I am a resident of Prattville, Alabama, and I am over the age of nineteen years. I am an attorney, currently licensed in Alabama, and admitted before the United States District Court for the Middle District of Alabama, and the 11th Circuit Court of Appeals.

Pursuant to an Order of this Court dated February 27, 2008, I am filing this Affidavit concerning the petition filed by Mickey Lee Moody.

I was appointed by the Federal District Court in Montgomery to represent Mr. Moody in criminal case number 1:05cr195, and 11th Circuit Court of Appeals case number 06-15114-CC. I was the fourth attorney appointed to represent Mr. Moody in this matter. He was originally represented by the Federal Defenders Office, by Mr. Bruce Maddox, and then by Ms. Maryann Prince. My representation of Mr. Moody began on May 31, 2006, after Ms. Prince withdrew from representation because of her move to Maine. By this time, Mr. Moody had already entered into a plea agreement, changed his plea to guilty, and was interviewed by the Probation Office for the Presentence

Investigation report. Mr. Moody has filed a petition under 28 U.S.C. § 2255 alleging that I provided ineffective assistance during his sentencing and appeal. This affidavit is in response to that claim, and each of his allegations is answered below:

> WAS COUNSEL INEFFECTIVE AT SENTENCING BY ALLOWING PROSECUTOR TO USE THE NONVIOLENT THIRD DEGREE MISDEMEANOR UNDER STATE LAW AS VIOLENT TO ENHANCE FEDERAL SENTENCE CONTRARY TO ARTIVLE IV OF UNITED STATES CONSTITUTION?

Mr. Moody contends that I failed to argue against use of his 9/9/1982 3rd Degree burglary conviction in Geneva County, Alabama, as a qualifying conviction for a crime of violence pursuant to 18 U.S.C. §924(e). This is not correct. I raised an objection to the use of the 9/9/82 conviction to enhance Moody's sentence at the sentencing hearing held on September 7, 2006. (See Sentencing Transcript, pp. 3-10). The Court overruled my objection. I also argued against use of the conviction and enhancement on direct appeal. (See Appellant Brief, pg. 7). The Court of Appeals affirmed the trial court's sentence determination.

> IS COUNSEL INEFFECTIVE AS THAT GUARANTEED BY THE SIXTH AMENDMENT WHERE EVIDENCE MOODY WAS UNDER PSYCHIATRIC CARE AND ON MEDICATION, YET FAILS TO REQUEST COMPETENCY HEARING AND IGNORES A VIABLE DEFENSE?

Moody contends that I knew he was seeing a psychiatrist and was taking psychotropic medications, and that I erred by failing to request a competency hearing. At no time did Moody inform me that he was currently under the care of a psychiatrist and prescribed psychotropic medications. Moody did inform me of his physical health concerns regarding a tumor that had been found on his left lung since his arrest, and his thyroid and liver problems. All of these physical ailments and concerns were presented to the court at sentencing. (Sentencing Transcript, pg. 13).

2

The Presentence Investigation Report states that Moody had seen a therapist in Opp, Alabama and that he underwent a psychiatric assessment in 1983 with the Alabama Department of Corrections. Moody contends that I should have investigated this and sought a downward departure pursuant to USSG § 5K2.13 for diminished capacity. The Guidelines state that a departure under § 5K2.13 may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity and the significantly reduced mental capacity contributed to the commission of the offense. The Application Notes further state that "significantly reduced mental capacity" means the defendant has a significantly impaired ability to understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason, or control behavior that the defendant knows is wrong. At no time during my representation of Moody did I feel that he was not competent to understand the nature of the proceedings against him, or to participate in his defense and decision making process. Indeed, we had discussed at length the violent crime enhancement mentioned earlier. Moody did not exhibit a "significantly reduced mental capacity" as defined in the Guidelines, and a motion to such affect would have been frivolous. Further, even if a § 5K2.13 motion had been made and granted, the Court was limited by the statutory minimum sentence in this matter.

The above statement is true and correct to the best of my recollection."

FURTHER AFFIANT SAYETH NOT.

_____
John M. Poti

STATE OF ALABAMA )
)
COUNTY OF AUTAUGA )

Before me, the undersigned Notary Public for the State of Alabama at large, personally appeared John M. Poti, who is known to me, and who first being duly sworn says that the foregoing is true and correct.

Sworn to and subscribed before me this 17th day of March, 2008.

_____
Notary Public
My Commission Expires: 8-1-08

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the United States Attorney's Office, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mickey Lee Moody
09427-002
Atlanta US Penitentiary
Inmate Mail/Parcels
PO Box 150160
Atlanta, GA 30315

_____
JOHN M. POTI (POT013)
696 N. Silver Hills Drive, Suite 102
Prattville, Alabama 36066-6184
TEL: (334) 361-3535
FAX: 1-866-780-9012
E-mail: john@jmpoti.com

4