IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICKEY LEE MOODY,                    )
                                     )
           Petitioner,               )
                                     )
v                                    )        Civil Action No. 1:08cv63-MHT
                                     )
UNITED STATES OF AMERICA,            )
                                     )
           Respondent.               )

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 10) addressing the claims presented by the petitioner in his 28 U.S.C. § 2255 motion.  In its response, the government argues, *inter alia*, that petitioner's § 2255 motion is barred because he expressly waived his right to collaterally attack his sentence when he entered his guilty plea.  The government further argues that all of petitioner's substantive claims, with one exception, are procedurally barred because they were either raised and addressed on direct appeal or could have been, but were not, raised on direct appeal.  *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994).  The government specifically argues that petitioner has failed to plead sufficient facts to support his substantive claim that he was not competent at the time he entered his guilty plea.  Finally, the government argues that the claims of ineffective assistance of counsel presented by petitioner are without factual support and rest on allegations that fail to establish either deficient performance or prejudice within the meaning

of *Strickland v. Washington*, 466 U.S. 668 (1984).

A procedural default bars consideration of the merits of a claim unless the movant "can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Accordingly, it is

ORDERED that on or before April 18, 2008, the petitioner may file a reply to the response filed by the United States. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after April 18, 2008, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

The petitioner is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that the petitioner is

entitled to relief on the grounds presented in his § 2255 motion.  If documents that have not

previously been filed with the court are referred to in the affidavits, sworn or certified copies

of those papers must be attached to the affidavits or served with them.  When the petitioner

attacks the government's response by use of affidavits or other documents, the court will, at

the appropriate time, consider whether to expand the record to include such materials.  *See*

Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*.  The

petitioner is advised that upon expiration of the time for filing a response to this order, the

court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 28th day of March, 2008.


　　　　　/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE