UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
(Southern Division)

MICKEY L. MOODY - Petitioner )
)
vs. ) CASE NO. 1:08CV63-MHT
)
)
UNITED STATES - Respondent )

**TRAVERSE TO RESPONDENT'S REPLY TO MOTION PURSUANT TO 28 U.S.C. § 2255 BY PETITIONER FOR INEFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY SIXTH AMENDMENT.**

COMES NOW, the aforesaid Petitioner pro se by inmate "legal assistant as is provided in 28 CFR § 543.11(f), to file his Traverse to Respondent's Reply of motion pursuant to a 2255 motion. This Court, in its ORDER (Doc. # 11-1) depicted four general defenses to persuade this Court to dismiss this habeas action raised by Respondent. Respondent urged this Court to accept as fact Petitioner was procedurally barred or plead this case without sufficient facts to support his substantive claims or failed to depict deficient performance as required in Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674 (1984).

This Court specifically found as fact that Respondent argued, inter alia, that the 2255 motion was:

a) barred because of an express waiver of his right to collaterally attack his sentence;

b) the substantive claims were procedurally barred because they were either raised and addressed on direct appeal or could have been, but were not, raised on direct appeal;

c) failed to plead sufficient facts to support his substantive claim that he was not competent at time he entered guilt plea; and

    d) claims of ineffective assistance of counsel presented by Petitioner without factual support and rested upon allegations failing to establish either deficient performance or prejudice within Strickland, supra.

Although failure to raise an issue on direct appeal having actual prejudice are barred for this Court's consideration on the merits, if Petitioner depicts "cause" for the default and its prejudice, he shall have his claims heard on the merits considered. Cross v. United States, 893 F2d 1287, 1289 (11th Cir. 1990).

Even should Petitioner fail to show cause and prejudice, constitutional claims that results in a 'fundamental miscarriage of justice' cannot be used to prevent this Court from addressing these Constitutional claims. Murray v. Carrier, 477 U.S. 478, 496, 91 L.Ed.2d 397, 414 (1986).

## § A. PROCEDURAL BAR OPPOSITION

1. Respondent's first defense claims Petitioner expressly waived his right to collaterally attack his sentence. Reply, 2255 motion to Vacate, Section III, Part "B", page 17 (Reply, § 3B., p. 17 hereafter).

2. It was conceded by Respondent in his response that "Moody appealed his sentence to the Eleventh Circuit Court of Appeals, despite his **waiver in his plea agreement** [as] **to all appeals**, direct or collateral. (Doc. 81, Reply, at p. 12.

3. Petitioner requests this Court to take Judicial Notice as to the alleged **express waiver** by the plea agreement for Petitioner's appeals, the Eleventh Circuit did not enforce and deemed this as nonenforceable. United States v. Jones, 29 F3d 1549 (11th Cir. 1994); Federal Rules of Evidence (FRE) 201(b)(2) and (d).

4. Where Respondent claims Petitioner waived his collateral attack rights in his plea agreement is without merit in the case at bar when this record clearly depicts a direct appeal was taken which this Court's ORDER clearly, that also included counsel representation thereon.

- 2 -

5. Petitioner's substantive claims were not raised on direct appeal, are not procedurally barred, and were hinged upon ineffective assistance of counsel that are only cognizable in a 2255 motion.

6. Respondent's assertions to this Court that Petitioner failed to plead sufficient facts to support his substantive claims of incompetence also falls short. Rule 8(a)(2) and (3), Federal Rules of Civil Procedure (Fed.R.Civ.P.), states the Petitioner need only make a short and plain statement of the claim showing that he is entitled to relief, and a demand for the judgment of relief sought.

7. Petitioner has met this burden, in that, Respondent answered his 2255 motion, made a specific and detailed reply thereto, with a supporting legal argument that Rule 12 of the habeas rules governing habeas actions provides the use of Civil Procedure rules in its application and prosecution of those writs. 28 U.S.C. § 2255, Rules for Habeas Corpus. As such, Petitioner has plead sufficient facts. Wrath v. Weldin, 422 U.S. 490, 45 L.Ed.2d 343 (1975).

8. When a Court is to rule on a motion to dismiss for want of standing as Respondent seeks as to substantive claims of competency, "both the trial and reviewing courts must accept as **true all allegations of the complaint**, and **must** construe the complaint in favor of the complaining party," the Petitioner herein. E.g. Wrath, at 501, 45 L.Ed.2d 356.

9. Repudiation of Petitioner's ineffective assistance of counsel claims are from defense counsel's errors raised by Petitioner making the denials of those accusations because Petitioner is allegedly mentally healthy — though he is currently on psychotropic medications again. Cf. Affidavits by Counsel: Exh. A, Bruce MAdDOX dated 11 Feb. 08; Maryanne PRINCE, dated 27 Feb. 07 Exh. B; and Exh. C, with ohn M. POTI, dated 17 Mar. 06.

10. Mr. MADDOX concluded that because Petitioner told him "he had mental problems that could be documented, [MADDOX] believed that Petitioner's insight into defenses

695.

17. POTI's assertions that Petitioner's motion under USSG § 5K2.13 being frivolous, fails to acknowledge that both reductions under USSG § 5K1.13 and motions under USSG § 5K1.1 are allowed to be sentenced under the statutory minimum.

18. JUDICIAL NOTICE is sought by Petitioner that, counsel had a viable defense and chose to ignore it, then, claimed a sentence below the statutory minimum was allowed for motions filed under either USSG §§ 5K1.1 or 5K2.13. United States vs. Jones, 29 F3d 1549, 1553 (11th Cir. 1994).

19. Determination as to a "bona fide doubt" regarding the Petitioner's competency is a "on-going inquiry" that qualifies him "at all stages of the trial" or proceeding. Pate v. Robinson, 383 U.S. 375, 385, 15 L.Ed.2d 815 (1966); and Drope v. Missouri, 420 U.S. 162, 181, 43 L.Ed.2d 103 (1975).

§ B.  **Non-Ineffectie sssistance of Counsel Claims**

1. Respondent has miscontrued these facts to show "deficient performance" by counsel to prove the ineffective assistance claims and not to put these facts before the court to hear individually as claims.

2. Facts pertinent to this section appear in the reply between pages 18-25 and are not presented to this Court to prove the individual matter asserted, but that counsel's performance fell well below the standards of norm to assistance of counsel invisioned by the Sixth Amendment. Strickland,, 687, 80 L.Ed2d, at 693.

3. As to the Constituion, the Full Fair and Credit Act govern State prior convictions, prohibit the use of non-crimes of violence categorized by the federal courts that were not State violent crimes. U.S. Const. Art. IV, § 1.

4. Counsel cannot advocate Petitioner's cause if they refuse to speak with him as PRINCE did, ignore a viable defense as MADDOX did, and fail at all aspects as POTI did. Id., at 688, 80 L.Ed.2d, at 694.

5. These were facts, now validated by Respondent and affidavits by these attorneys, that depict ineffective assistance of counsel occurred in the case at bar, these instances were ignored by counsel, causing the result of the proceeding to be unreliable. Id., at 694, 80 L.Ed.2d, at 697-98.

## § C. Knowing Waiver At Plea

1. During the Court colloquy, Petitioner displayed confusion and coercion when asked about the weapons possession, in that, when asked if at the time he was searched did Deputy BLOCK find a weapon on his person. Reply, p. 8.

2. This reply was not yes or no, but "It's hard for me to answer that honestly. You know the situation I'm in." Id. PRINCE acknowledged that she knew.

3. Claiming he had a telephone in his hand was the result of medication he was on for the thyroid problems that causes confusion, slow comprehension, and other serious side effects

4. Petitioner claimed he was on medications, under the care of a psychologist at least, but was not investigated by any counsel, even though he was kept in Alabama's prison for mental patients, the Pre-sentencing Investigation Report (PSR) depicts he was being treated clinically, so such an investigation was in fact warranted.

5. Being on medications cannot provide a valid waiver of anything, especially where other medications concerning his past portray Petitioner's confusion. It cannot be found, even by a preponderance of the evidence, that Petitioner did in fact, knowingly and intelligently waive anything, when he is under medications that alter his state of mind without any clinical diagnosis or findings. E.g. Sell v. United States, 539 U.S. 166, 156 L.Ed.2d 197, 206 (2003).

6. Counsel's refusal to invoke their skill and training resulte din Petitioner's unconstitutionally acquired conviction and plea, not knowingly and intelligently

made due to the influence of drugs and medications.

7. Respondent wishes this Court to determine a sanity issue, not upon a expert opinion as a jury would, but, upon the conclusions of three attorneys trained in law without any medical or psychological training in a professional capacity at all. It was the attorneys, not Petitioner that sold the Court a Trojan Horse.

8. Where the Supreme Court has determined a convicted federal defendant can bring ineffective assistance of counsel claims for the first time under 2255, regardless of whether they could have been raised on direct appeal, renders this ripe for review — as the errors above do to. E.g. <u>Massaro v. United States</u>, 538 U.S. 500, 155 L.Ed.2d 714 (2003).

9. Petitioner's ineffective assistance of error claim as to the competency is to be granted, the conviction and sentence reversed, a mental evaluation of him concluded for a diagnosis, and resentenced according to the law.

## § D. <u>Counsel's Prejudicial Errors</u>

1. Petitioner was given a profer by his earlier counsel BEFORE MADDOX, PRINCE, and POTI, that depicted the law officer involved was directly responsible for the arrest of Petitioner and had a link to a law suit previously filed against the father concerning the theft of Petitioner's auto.

2. The theft of this auto case came up at Petitioner's interview with the son of the previously sued father, claiming the instant action had nothing to do with the current issue at hand. If so, then why did he bring it up?

3. The Second profer was also not provided by the Government that has a direct link to the conviction and why Petitioner did not want to plead guilty that even Respondent depicts in his response to this Court.

4. Should a evidentiary hearing be provided, Petitioner would seek to ask why counsel never had him mentally evaluated, where are the profers done on my by

- 7 -

previous counsel that showed the deliberate actions of law enforcement contrary to Petitioner's constitutional rights that were ignored because of the plea agreement and Respondent's escape from the Suppression Hearing.

§E. <u>Conclusion</u>

Petitioner prays this Honorable Court will GRANT this habeas action, will provide a ORDER for an evidentiary hearing, delve into why a viable defense by counsel was not explored and of Petitioner's actual competency to stand trial, make a plea contract, and resolve him suffering from a mental disease or defect that counsel thus far have ignored and now refute did not occur.

                                          Respectfully submitted,

                                          */s/ Mickey L. Moody*

                                          MICKEY L. MOODY, 09427-002
                                          FCI Atlanta-Medium
                                          P.O. Box 150160
                                          Atlanta, GA 30315-0160

## C E R T I F I C A T E   O F   S E R V I C E

I, **MICKEY L. MOODY**, Reg. # 09427-002 , do hereby affirm and assure that a copy of the Traverse to Respondent's Reply has been mailed to the Respondent at:

UNITED STATES DISTRICT ATTORNEY's OFFICE
Assistant District Attorney:
ATTN: Sandra J. Stewart
131 Clayton Street
Montgomery, AL  36101-0197

by placing same in the hands of staff at the mailroom for the FCI Atlanta facility for delivery to Respondent's counsel at the above address at the 0700 hours mail call for legal mail at 0700 hours on **28 Apr. 08** under the MAILBOX RULE complies with the ORDER of this Court.

Respectfully,

*/s/ Mickey L. Moody*
MICKEY L. MOODY, 09427-002
FCI Atlanta-Med.
P.O. Box 150160
Atlanta, GA 30315-0160



MICKEY L. MOODY, 09427-002
FCI Atlanta-Medium
P.O. Box 150160
Atlanta, GA 30315-0160

7003 1680 0005 1213 7563

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
ATTN: Clerk of Court
15 Lee Street
Montgomery, AL  36104

L E G A L   M A I L
28 CFR § 540.19(d)