IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **MICKEY LEE MOODY,** ) | |
| ) | |
|     Petitioner, ) | |
| ) | CIVIL ACTION NO. |
|     v. ) | 1:08cv63-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

OPINION

Pursuant to 28 U.S.C. § 2255, petitioner Mickey Lee Moody, a federal inmate, filed this lawsuit seeking habeas relief.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that Moody's writ petition be denied.  Also before the court are Moody's objections to the recommendation. After an independent and de novo review of the record, the court concludes that Moody's objections should be overruled and the magistrate judge's recommendation adopted.

The court, however, adds these brief comments regarding some of Moody's objections: Moody contends that the United States breached the plea agreement in this case. Because Moody raised no such claim in his § 2255 petition, it is not properly before this court in his objections. In any event, the allegations underlying this claim are without merit. For instance, he contends that, under the plea agreement, his sentence would be no more than 120 months. However, the plea agreement plainly provided that his sentence would be no more than 180 months, and, at the plea hearing, he affirmed under oath that he understood his sentence could be up to 180 months if it was determined that he was an Armed Career Criminal, which is, in fact, what was determined in his case. Accordingly, Moody was properly sentenced to 180 months.

Moody next suggests in his objections that his counsel induced him to sign the plea agreement. Again, this is a claim that was not presented in his § 2255

petition.  Moreover, to whatever extent he did assert a related claim of ineffective performance by his counsel, he failed, as explained in the magistrate judge's recommendation, to support such a claim.  Everything Moody says in his objections about what he understood the terms of his plea agreement to be (for example, that he would be subject to a sentencing range of only 57 to 71 months) is completely belied by the record of the guilty-plea hearing as well as the affidavits of his counsel.

   Finally, Moody asserts in his objections that his counsel's ineffective performance invalidated the plea agreement's waiver provision, which barred him from later asserting challenges to his sentence.  The waiver provision was absolute as to sentencing issues: There were no exceptions for ineffective-assistance-of-counsel claims or claims of prosecutorial misconduct.  As noted in the magistrate judge's recommendation, the record establishes that the waiver provision is valid.  In his objections, Moody is attempting, with his ineffective-

assistance-of-counsel claim, to do an end-run around the waiver, but such claim is barred by the valid waiver.  He has presented nothing to show that the waiver was not entered knowingly and voluntarily, as the magistrate judge found in his recommendation.

An appropriate judgment will be entered.

DONE, this the 12th day of July, 2010.

                                            <ins>   /s/ Myron H. Thompson   </ins>
                                            **UNITED STATES DISTRICT JUDGE**